# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WESTCHESTER FIRE INSURANCE
COMPANY a/s/o EDDIE'S
TRUCKING, LLC,

    Plaintiff,

v.                                                          Case No: 8:21-cv-1589-KKM-TGW

STAR LEASING COMPANY and
TOTAL QUALITY LOGISTICS LLC,

    Defendants.
_____/

## ORDER

Plaintiff Westchester Fire Insurance Company, as subrogee of Eddie's Trucking, LLC, brings claims for breach of contract and negligence arising from an incident involving a trailer Eddie's Trucking rented from Defendants to transport 1,512 cases of beer from Tampa, Florida, to Philadelphia, Pennsylvania, in 2019. (Doc. 1). On July 6, 2021, the Court ordered Plaintiff to show cause as to why this action should not be dismissed due to a lack of subject matter jurisdiction. (Doc. 6). Upon review of Plaintiff's response and the Complaint, this case is dismissed because the Court lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction regardless of whether the parties have

challenged its existence. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Here, as the bases for jurisdiction, Plaintiff cites 28 U.S.C. § 1331, which provides that federal district courts have jurisdiction over civil actions involving a federal question, and 28 U.S.C. § 1337, which provides that federal district courts have jurisdiction over actions "arising under any act of Congress regulating commerce or protecting trade and commerce against restraints an monopolies." Both provisions, however, require a cause of action arising under federal law, which is notably absent here. Indeed, Plaintiff brings claims only for breach of contract and negligence—actions arising under state law. To make matters worse, even if Plaintiff wished to invoke this Court's diversity jurisdiction which enables this Court to hear state law claims,[1] the sought-after damages, $26,995.58 plus costs and interest, are far below the $75,000 amount in controversy required by statute. *See* 28 U.S.C. § 1332.

Plaintiff contends that the Court has subject matter jurisdiction because the trailer lease is subject to federal law and because Defendants have leased a vehicle to be used in interstate commerce. But merely being subject to federal law in the course of business is not enough to confer jurisdiction onto this Court. The cause of action must *arise* under federal law. *See* 28 U.S.C. § 1331. While Plaintiff correctly points out that Congress's power to regulate interstate commerce under current Supreme Court precedent is broad, Congress's power to legislate under Article I of the Constitution is

---

[1] It appears that the parties are sufficiently diverse to meet the requirements of 28 U.S.C. § 1332.

not the same question as whether federal courts have jurisdiction under Article III of the Constitution. While Congress may have properly regulated the trailer in this case, its power to do so has no bearing on this Court's jurisdiction unless and until a plaintiff brings a claim under one of those properly enacted laws.

Plaintiff cites the Graves Amendment, a federal tort reform statute that exempts the owners of motor vehicles leased and operated in interstate commerce from certain vicarious liability suits, as potentially preempting any tort claims against Plaintiff, the lessor of the trailer in the instant action. *See* 49 U.S.C. § 30106. But there are no tort claims pending against Plaintiff to preempt, and even if one might arise in response, the Court is bound to determine jurisdiction "on the face of the plaintiff's properly pleaded complaint." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

Because the Court lacks subject matter jurisdiction to hear Plaintiff's state law claims, this action is **DISMISSED without prejudice**. The Clerk is directed to terminate all pending motions and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on July 17, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge